**WALLING, Administrator of Wage & Hour Division, United States Department of Labor, v. PLYMOUTH MFG. CORPORATION et al.**

No. 272.

District Court, N. D. Indiana, South Bend Division.

Sept. 11, 1942.

Warner W. Gardner, Sol., and Roy C. Frank, Atty., both of Washington, D. C., and Frank J. Delany, Acting Regional Atty., Philip E. Byron, Jr., Atty., U. S. Department of Labor, Wage & Hour Division, both of Chicago, Ill., for plaintiff.

Albert B. Chipman and Arnold, Degnan, Dohnalek & Goheen, all of South Bend, Ind., for defendants.

SLICK, District Judge.

The Plymouth Manufacturing Corporation was a small manufacturing corporation in the town of Plymouth, Indiana, a rural community. It gave greatly desired employment to something like one hundred men and women. It was in strained financial condition and had made no profit for a number of years prior to 1938. When the Fair Labor Standards Act of 1938, 29 U.S. C.A. § 201 et seq., was passed and it became known it would go into effect in October, 1938, it was decided by the executive officers

of said corporation, and announced to all its wage earners, that the corporation could not continue in business and comply with the requirements of said Act. It had made no profit before the advent of such Act and it was a reasonable certainty it would go in the red after the Act became effective. What to do?—was the question put up to the employees.

After many conferences it was decided to form a copartnership among those former employees who desired a continuance of the business and their jobs. The partnership was formed. The employees became co-partners, with drawing accounts and an agreement, in writing, that they, the former employees, were to share in the profits if any. All were to have a just and fair interest in the profits to be allocated to each worker, according to his contribution of labor.

There was nothing illegal or immoral in this arrangement even though it was entered into by all the parties with the avowed intention to avoid the impact, on the business of the corporation, of the Fair Labor Standards Act. It was not the declared purpose of this Act to put small concerns out of business. It is the declared policy, as expressed in the Act, "to correct and as rapidly as practicable to eliminate the conditions above referred to in such industries *without substantially curtailing employment or earning power.*" It is not unlawful to so plan one's business affairs, that the effect thereon, of legislation, may be avoided; it is only unlawful to evade after the law becomes effective. To avoid payment of taxes by refusing to sell property at a profit has never even been held reprehensible; to evade taxes after a sale at a profit is both reprehensible and illegal.

To abandon the operation of a small industry because, under the economic impact of a law enacted by Congress, that makes it non-feasible to continue operations, is neither reprehensible nor illegal, and it seems that was the only out for the Plymouth Manufacturing Corporation. To organize the employees of the concern into a co-partnership for the purpose of continuing operations and thus afford employment for something like one hundred workers, for the betterment, of not only the workers, but the community as a whole, was not only legal but laudable. And it appears to me that is what was done in this instance. I see, in the evidence before me, no indication of fraud or evasion and for this reason the application for injunctive relief should be and is denied.